[Crim. No. 2324. Second Appellate District, Division Two.—March 2, 1933.]

THE PEOPLE, Respondent, v. ALFRED S. ROVEANO, Appellant.

Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

CRAIG, J.—Upon an information charging the appellant with statutory rape and the offense defined by section 288a of the Penal Code against a female person under the age of eighteen years and not his wife, he was found guilty by the trial court sitting without a jury.

The grounds of appeal consist of asserted insufficiency of the evidence, error in the admission in evidence of an exhibit, and in denying an application to file a petition for probation. The particulars wherein it is claimed that the evidence was not sufficient are predicated upon alleged want of corroboration of the prosecuting witness. It is not only quite apparent that sufficient evidence to justify the trial court in concluding that the testimony of said witness had been corroborated substantially was introduced, but that the witness was not in such case legally to be deemed an accomplice. (Pen. Code, sec. 26.) From examination by the court it developed that said exhibit had no connection with the case other than as corroboration of the officer's statement under oath that he examined the premises. It does not appear that it was considered for any other purpose, nor does the appellant attempt to indicate in what respect if at all he was prejudiced by its reception in evidence.

 Having heard all of the evidence pertaining to the alleged offenses, the testimony of character witnesses, and that of the defendant, the trial court observed that it would not be inclined to grant an application for probation

if filed, stating: "If I had not heard the testimony I would have allowed him to file. Having the facts before me, I do not intend to let him apply for probation. It is not the type of case, in my mind, in which probation should be granted." It is insisted that under the provisions of section 1203 of the Penal Code the appellant ·was entitled to file his application. While such may have been true prior to a consideration of the appellant's application as though filed, and upon its merits, it would lie within the sound judicial discretion of the court to grant or deny the same if filed, and in the nature of the evidence it cannot be said that to deny an application or the failure to require a useless task of the probation department would constitute an abuse of such discretion.

The judgments are affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1933.